UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANA MORSE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 8-366-P-H |
| | ) |
| PETER YOULAND, et al., | ) |
| | ) |
|     Defendants | ) |
| | ) |

**RECOMMENDED DECISION
AFTER SCREENING 42 U.S.C. § 1983 COMPLAINT**

Dana Morse has filed a 42 U.S.C. § 1983 civil rights complaint alleging that he was wrongfully convicted and is illegally incarcerated. (Am. Compl. ¶ 40.) In addition to damages he seeks a "jury trial on all issues triable by jury." (Id. ¶ 45.) Morse has named four defendants: Court Officer Peter Youland, private attorneys Michael Whipple and Richer Bern, and District Attorney Stephanie Anderson. Morse represents that he was extradited on the basis of a fingerprint match to the State of Maine on charges of which he now stands convicted. He opines, "it is difficult to determine where to start with the claim of the multiple violations of Constitutional rights infringed upon in this incident." (Id. ¶ 25.)

Morse indicates that he "has sought review on direct appeal and petitioned for post-conviction review. Plaintiff has grieved all attorneys in this claim to The Board of Overseer's of the Bar. All grievances filed have been dismissed, appealed and dismissed." (Id. ¶ 39.) I granted Morse's application to proceed in forma pauperis with the following proviso: "I caution Morse that his complaint is most likely subject to dismissal pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) because according to his

own pleadings he still stands convicted of the criminal charges underlying his civil complaint."  (Doc. No. 7.)

I have screened this complaint pursuant to 28 U.S.C.  § 1915(e)(2) and 28 U.S.C. § 1915A(a) and (b) and I conclude that the complaint should be summarily dismissed.  As I forewarned, Morse cannot seek 42 U.S.C. § 1983 relief for the claims presented.  Heck held,

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove  that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the  absence of some other bar to the suit.

 512 U.S. at 486-87 (footnotes omitted).  What is more, District Attorney Anderson is shielded by absolute immunity for her prosecutorial decisions.  See Buckley v. Fitzsimmons, 509 U.S. 259 (1993).  And, two of Morse's four defendants are private attorneys; Morse's allegation that these two individuals conspired with state actors to interfere with his constitutional rights falls well short of plausible.  See Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007).[1]  In key respects this

---

[1] The allegations against the fourth defendant, Youland, are that he received a letter from a Wisconsin official concerning a warrant for Morse (Compl. ¶ 11) and that he wrote a report which reflected

case is not meaningfully distinguishable from Parra v. New Hampshire, No. 94-1204, 40 F.3d 1235 (Nov. 15, 1994) (unpublished per curiam), a decision affirming a 28 U.S.C. § 1915 screening dismissal.

If Morse envisions the type of claim that can proceed under § 1983 despite the Heck bar, he should be aware that any such action would be subject to a statute of limitation. See Wallace v. Kato, 549 U.S. 384 (2007). His current complaint does not state any such claim against any of the four individuals he names as defendants. The gravamen of his current complaint is that these four individuals are responsible for his wrongful conviction and resulting incarceration. He cannot bring such an action for either damages or declaratory relief pursuant to § 1983.

Accordingly, I recommend that the Court dismiss this action because it is barred by Heck.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

December 8, 2008.

---

his question about what would need to be done to charge Dana Morse and indicating that he received news that Morse was being held (id. ¶ 20).

3